IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALTAF SIDIDIQ | ) |
| | ) |
| v. | ) |
| | ) |
| BOBBY H. RICHARDSON, | ) |

## COMPLAINT FOR LEGAL MALPRACTICE

1. Plaintiff, ALTAF SIDDIQ, ("Siddiq), is an individual resident and citizen of the State of Illinois.

2. Defendant, BOBBY H. RICHARDSON, ("Richardson"), is an individual and citizen of the State of Kentucky.

3. Jurisdiction exists in this Court because Siddiq and Richardson are citizens of different states and the matter in controversy exceeds $75,000.

4. Venue is proper in this district under 28 U.S.C 1391(b)(2) because a substantial part of the events giving rise to the claim occurred here: specifically, the citation to discover assets proceedings in 2016 L 50027. It is in those proceedings that Siddiq discovered, after January 25, 2016, the negligent acts and omissions giving rise to the claim, and where the damages have occurred; Richardson also at all relevant times knew Siddiq resided in the Northern District of Illinois and has claimed to have mailed documents into the Northern District of Illinois.

5. Plaintiff ALTAF SIDDIQ was sued in the State of Kentucky on a personal guarantee, 14-CI-00015, 43rd Judicial Circuit, Barren Circuit Court.

6. Defendant Richardson is an attorney licensed in the State of Kentucky.

7. Defendant Richardson undertook to represent Siddiq in Kentucky as counsel. He filed an appearance in the case (without properly advising Plaintiff).

1

8. Defendant Richardson did not properly advise Siddiq of potential conflicts of representation, violated conflicts of interest rules by simultaneously purporting to represent Siddiq and co-Defendants, did not properly advise Siddiq as to the scope of representation and basis of the fees as required by Kentucky ethics rules, did not keep the client reasonably apprised of the status of the matter, engaged in improper withdrawal – all of which resulted in a summary judgment being entered against Siddiq in the amount of $168,126.02, plus prejudgment interest in the amount of $20,565.88 and $42,000 in attorneys fees.

9. On January 19, 2016, a petition to register a foreign judgment (in the amount of $250,092.84) was filed in the Circuit Court of Cook County, 2016 L 50027, which was served on Siddiq on January 24, 2016.

10. Defendant Richardson did not act as a reasonably competent attorney and as required by the standard of care, in that he: (a) did not keep Plaintiff reasonably apprised of the status of the matter; (b) did not investigate and pursue equitable defenses; (c) did not investigate and file counterclaims against Hackney; (d) did not diligently conduct discovery; (e) did not file a motion to dismiss for lack of personal jurisdiction based on defects in service; (f) failed to bring relevant and meritorious cross-claims against the underlying obligor.

11. At all times from the time he appeared he had the duty to use such skill, prudence, and diligence as members of the legal profession commonly possess and exercise in proving legal services to Plaintiff.

12. Defendants breached this duty as alleged in Paragraph 10, above.

13. As a direct and proximate result of the negligence of Defendants the property judgment was entered against Siddiq in an amount in excess of $250,000.

WHEREFORE, the Plaintiff, ALTAF SIDDIQ pleads for judgment against Defendant BOBBY H. RICHARDSON, in an amount to be determined by the jury.

Respectfully Submitted,

/s/ Christopher V. Langone

Langone, Batson & Lavery LLC
17 N. Wabash, Ste. 500
Chicago, IL 60602
(312) 720-9191